PETITION FOR WRIT OF HABEAS CORPUS: 28 USC §2254 (Rev. 9/10)
ADOPTED BY ALL FEDERAL COURTS IN TEXAS

United States Courts
Southern District of Texas
FILED

JUL 3 1 2017

David J. Bradley, Clerk of Court

## IN THE UNITED STATES DISTRICT COURT

FOR THE  __SOUTHERN__  DISTRICT OF TEXAS

__CORPUS CHRISTI__  DIVISION

## PETITION FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

__WILLIAM SANCHEZ__
PETITIONER
(Full name of Petitioner)

__ELLIS UNIT/TDCJ-ID__
CURRENT PLACE OF CONFINEMENT

vs.

__01908178__
PRISONER ID NUMBER

__BRYAN COLLIER, TDCJ DIRECTOR__
RESPONDENT
(Name of TDCJ Director, Warden, Jailor, or
authorized person having custody of Petitioner)

CASE NUMBER
(Supplied by the District Court Clerk)

### INSTRUCTIONS - READ CAREFULLY

1. The petition must be legibly handwritten or typewritten and signed and dated by the petitioner, under penalty of perjury. Any false statement of an important fact may lead to prosecution for perjury. Answer all questions in the proper space on the form.

2. Additional pages are not allowed except in answer to questions 11 and 20. Do not cite legal authorities. Any additional arguments or facts you want to present must be in a separate memorandum. The petition, including attachments, may not exceed 20 pages.

3. Receipt of the $5.00 filing fee or a grant of permission to proceed *in forma pauperis* must occur before the court will consider your petition.

4. If you do not have the necessary filing fee, you may ask permission to proceed *in forma pauperis*. To proceed *in forma pauperis*, (1) you must sign the declaration provided with this petition to show that you cannot prepay the fees and costs, and (2) if you are confined in TDCJ-CID, you must send in a certified *In Forma Pauperis* Data Sheet form from the institution in which you are confined. If you are in an institution other than TDCJ-CID, you must send in a certificate completed by an authorized officer at your institution certifying the amount of money you have on deposit at that institution. If you have access or have had access to enough funds to pay the filing fee, then you must pay the filing fee.

5. Only judgments entered by one court may be challenged in a single petition. A separate petition must be filed to challenge a judgment entered by a different state court.

6. Include all of your grounds for relief and all of the facts that support each ground for relief in this petition.

7. Mail the completed petition and one copy to the U. S. District Clerk. The "Venue List" in your unit law library lists all of the federal courts in Texas, their divisions, and the addresses for the clerk's offices. The proper court will be the federal court in the division and district in which you were convicted (for example, a Dallas County conviction is in the Northern District of Texas, Dallas Division) or where you are now in custody (for example, the Huntsville units are in the Southern District of Texas, Houston Division).

8. Failure to notify the court of your change of address could result in the dismissal of your case.

---

## PETITION

### What are you challenging? (Check all that apply)

- ☒ A judgment of conviction or sentence, (Answer Questions 1-4, 5-12 & 20-25) probation or deferred-adjudication probation.
- ☐ A parole revocation proceeding. (Answer Questions 1-4, 13-14 & 20-25)
- ☐ A disciplinary proceeding. (Answer Questions 1-4, 15-19 & 20-25)
- ☐ Other:_____ (Answer Questions 1-4, 10-11 & 20-25)

### All petitioners must answer questions 1-4:

**Note:** In answering questions 1-4, you must give information about the conviction for the sentence you are presently serving, even if you are challenging a prison disciplinary action. (Note: If you are challenging a prison disciplinary action, do not answer questions 1-4 with information about the disciplinary case. Answer these questions about the conviction for the sentence you are presently serving.) Failure to follow this instruction may result in a delay in processing your case.

1. Name and location of the court (district and county) that entered the judgment of conviction and sentence that you are presently serving or that is under attack: 319th JUDICIAL DISTRICT COURT,NUECES COUNTY

2. Date of judgment of conviction: 1/24/2014

3. Length of sentence: 27 YEAR SENTENCE

4. Identify the docket numbers (if known) and all crimes of which you were convicted that you wish to challenge in this habeas action: 12-CR-3374-G FELONY EVADING ARREST

-2-

**Judgment of Conviction or Sentence, Probation or Deferred-Adjudication Probation:**

5.   What was your plea? (Check one)   ☒ Not Guilty       ☐ Guilty       ☐ Nolo Contendere

6.   Kind of trial: (Check one)     ☒ Jury           ☐ Judge Only

7.   Did you testify at trial?   ☒ Yes   ☐ No

8.   Did you appeal the judgment of conviction?   ☒ Yes   ☐ No

9.   If you did appeal, in what appellate court did you file your direct appeal? 13th COURT

     OF APPEALS _____ Cause Number (if known): 13-14-00060-CR

     What was the result of your direct appeal (affirmed, modified or reversed)? AFFIRMED

     What was the date of that decision? 1/22/2016

     If you filed a petition for discretionary review after the decision of the court of appeals, answer
     the following:

     Grounds raised: SUFFICIENCY OF EVIDENCE AND JUDGE'S COMMENT AND ILLEGAL

     SENTENCE

     Result: REFUSED

     Date of result: 8/24/2016          Cause Number (if known): PD-0407-16

     If you filed a petition for a *writ of certiorari* with the United States Supreme Court, answer the
     following:

     Result: N/A

     Date of result: _____

10.  Other than a direct appeal, have you filed any petitions, applications or motions from this
     judgment in any court, state or federal? This includes any state applications for a writ of habeas
     corpus that you may have filed.       ☒ Yes   ☐ No

11.  If your answer to 10 is "Yes," give the following information:

     Name of court: 319th JUDICIAL DISTRICT COURT

     Nature of proceeding: HABEAS CORPUS

     Cause number (if known): 12-CR-3374-G

Date (month, day and year) you filed the petition, application or motion as shown by a file-stamped date from the particular court: 1/30/17

Grounds raised: INEFFECTIVE ASSISTANCE OF COUNSEL; INEFFECTIVE ASSISTANCE OF

TRIAL COUNSEL; ACTUAL INNOCENCE/NO EVIDENCE/DURESS

Date of final decision: 6/21/2017

What was the decision? DENIED WITHOUT WRITTEN ORDER ON THE FINDINGS OF TRIAL COURT

Name of court that issued the final decision: COURT OF CRIMINAL APPEALS

As to any second petition, application or motion, give the same information:

Name of court: N/A

Nature of proceeding:

Cause number (if known):

Date (month, day and year) you filed the petition, application or motion as shown by a file-stamped date from the particular court:

Grounds raised:

Date of final decision:

What was the decision?

Name of court that issued the final decision:

*If you have filed more than two petitions, applications or motions, please attach an additional sheet of paper and give the same information about each petition, application or motion.*

12.    Do you have any future sentence to serve after you finish serving the sentence you are attacking in this petition?        ☐ Yes    ☒ No

(a)    If your answer is "Yes," give the name and location of the court that imposed the sentence to be served in the future:

(b)    Give the date and length of the sentence to be served in the future:

-4-

(c)    Have you filed, or do you intend to file, any petition attacking the judgment for the sentence you must serve in the future?    ☐ Yes    ☐ No

<u>Parole Revocation:</u>

13.    Date and location of your parole revocation:

14.    Have you filed any petitions, applications or motions in any state or federal court challenging your parole revocation?    ☐ Yes    ☐ No

If your answer is "Yes," complete Question 11 above regarding your parole revocation.

## Disciplinary Proceedings:

15.    For your original conviction, was there a finding that you used or exhibited a deadly weapon?    ☐ Yes    ☐ No

16.    Are you eligible for release on mandatory supervision?    ☐ Yes    ☐ No

17.    Name and location of the TDCJ Unit where you were found guilty of the disciplinary violation: _____

Disciplinary case number: _____

What was the nature of the disciplinary charge against you? _____

18.    Date you were found guilty of the disciplinary violation: _____

Did you lose previously earned good-time days?    ☐ Yes    ☐ No

If your answer is "Yes," provide the exact number of previously earned good-time days that were forfeited by the disciplinary hearing officer as a result of your disciplinary hearing: _____

Identify all other punishment imposed, including the length of any punishment, if applicable, and any changes in custody status: _____ _____ _____

19.    Did you appeal the finding of guilty through the prison or TDCJ grievance procedure?    ☐ Yes    ☐ No

If your answer to Question 19 is "Yes," answer the following:

Step 1 Result: _____

Date of Result: _____

Step 2  Result: _____

Date of Result: _____

**All petitioners must answer the remaining questions:**

20.   For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States.  Summarize briefly the facts supporting each ground.  If necessary, you may attach pages stating additional grounds and facts supporting them.

CAUTION: To proceed in the federal court, you must ordinarily first exhaust your available state-court remedies on each ground on which you request action by the federal court.  Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

A.    **GROUND ONE:** INEFFECTIVE ASSISTANCE OF COUNSEL/FAILURE TO FILE MOTION TO TESTIFY FREE FROM IMPEACHMENT

Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

MR. LEE, TRIAL COUNSEL, FAILED TO FILE MOTION TO TESTIFY FREE FROM IMPEACHMENT COUNSEL KNEW PETITIONER HAD PRIOR CONVICTIONS THAT ARE "SIMILAR" TO THE CHARGE OF EVADING ARREST. YET, HE TOLD THE COURT IN FRONT OF THE JURY TO "IMPEACH HIM" VIOLATING THE STATE'S MOTION IN LIMINE. PREJUDICIAL EFFECT OUTWEIGHS THE PROBATIVE VALUE BECAUSE OF SIMILARITY. **-SEE MEMORANDUM IN SUPPORT-**

B.    **GROUND TWO:** INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL/FAILURE TO OBJECT TO JUDICIAL COMMENT

Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

MR. LEE FAILED IN HIS COMPETENCE BY NOT OBJECTING TO THE JUDGE'S COMMENT IN FRONT OF THE JURY. STATING: "I THOUGHT COUNSEL MIGHT BE LYING TO ME" THIS WAS IN THE CONTEXT OF VOIR DIRE, WHERE THE TRIAL COURT RESPONDED TO COMMENTS BY MR. LEE THAT HE WOULD NOT TAKE LONG IN VOIR DIRE. MR. LEE FAILED TO OBJECT, COUNSEL MUST OBJECT, ACCURATELY, WHEN A COMMENT IS MATERIAL TO CASE. **-SEE MEMORANDUM IN SUPPORT-**

C.  **GROUND THREE:** ACTUAL INNOCENCE/NO EVIDENCE TO SUPPORT EVADING ARREST/DURESS

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

PETITIONER CLAIMS DURESS BECAUSE "GEORGE" FORCED HIM TO KEEP DRIVING WITH A KNIFE AT HIS SIDE. THIS GUY JUST STOLEN MERCHANDISE FROM WAL-MART. THE ONLY REASON THE JURY FOUND PETITIONER GUILTY IS HIS PRIOR CONVICTIONS BEING SIMILAR TO THE CHARGE. ALL THE EVIDENCE SHOWS THE PETITIONER'S INNOCENCE TO THE CHARGE OF EVADING ARREST. THE RECORD SUPPORTS THIS. **-SEE MEMORANDUM IN SUPPORT-**

D.  **GROUND FOUR:** DENIAL TO THE "SUBSTANTIAL DUE PROCESS"(LAW) SUSPENSION OF HABEAS WRIT.

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

WHEN COURT FAILED TO GIVE PROCESS DUE BY STATUTE AND CONSTITUTIONAL LAW, DID DEPRIVE THE PETITIONER OF HIS RIGHT TO THE BURDEN OF MERIT BY SUBSTANCE OF HIS MOTIONS IN REGARD TO THE VERY ESSENCE OF THE HABEAS CORPUS/WRIT IN WR#57-200-03. CAUSING TO SUSPEND THE WRIT WITHOUT JUDICIAL FAIRNESS TO THE "FULL" FACTUAL FUNDAMENTAL RIGHT. **-SEE MEMORANDUM IN SUPPORT-**

21.  Relief sought in this petition: _____

_____

_____

_____

_____

_____

_____

22. Have you previously filed a federal habeas petition attacking the same conviction, parole revocation or disciplinary proceeding that you are attacking in this petition?    ☐ Yes    ☒ No
If your answer is "Yes," give the date on which each petition was filed and the federal court in which it was filed. Also state whether the petition was (a) dismissed without prejudice, (b) dismissed with prejudice, or (c) denied.

_____

_____

If you previously filed a federal petition attacking the same conviction and such petition was denied or dismissed with prejudice, did you receive permission from the Fifth Circuit to file a second petition, as required by 28 U.S.C. § 2244(b)(3) and (4)?    ☐ Yes    ☐ No

23. Are any of the grounds listed in question 20 above presented for the first time in this petition?
☐ Yes    ☐ No

If your answer is "Yes," state briefly what grounds are presented for the first time and give your reasons for not presenting them to any other court, either state or federal.

_____

_____

_____

24. Do you have any petition or appeal now pending (filed and not yet decided) in any court, either state or federal, for the judgment you are challenging?    ☐ Yes    ☒ No

If "Yes," identify each type of proceeding that is pending (i.e., direct appeal, art. 11.07 application, or federal habeas petition), the court in which each proceeding is pending, and the date each proceeding was filed. _____

_____

25. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a)    At preliminary hearing: __ALLEN LEE_____

(b)    At arraignment and plea: __ALLEN LEE_____

(c)    At trial: ____ALLEN LEE_____

(d)    At sentencing: _____ALLEN LEE_____

(e)    On appeal: __JOHN GILMORE_____

(f)    In any post-conviction proceeding: __NONE, PRO SE_____

- 8 -

(g)    On appeal from any ruling against you in a post-conviction proceeding: _____

N/A

## Timeliness of Petition:

26.    If your judgment of conviction, parole revocation or disciplinary proceeding became final over one year ago, you must explain why the one-year statute of limitations contained in 28 U.S.C. § 2244(d) does not bar your petition.[1]

THIS PETITION IS ON TIME

_____

[1] The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), as contained in 28 U.S.C. § 2244(d), provides in part that:

(1)    A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

(A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Wherefore, petitioner prays that the Court grant him the relief to which he may be entitled.

_____
Signature of Attorney (if any)

_____

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for a Writ of Habeas Corpus was placed in the prison mailing system on

_William Sanchez_____ (month, day, year).

Executed (signed) on _July 27th 2017_ (date).

/S/ _William Sanchez_
Signature of Petitioner (required)

Petitioner's current address:  ELLIS UNIT, 1697 Fm. 980, HUNTSVILLE, TEXAS 77343

TDCJ-ID#01908178

-10-



Clerk, U.S. District Court
Southern District of Texas
FILED

JUL 31 2017

David J. Bradley, Clerk of Court

William Sanchez
TDCJ-ID #1908178
1697 FM 980
Huntsville, Tex. 77343

U.S. District Clerk
U.S. Courthouse
1133 N. Shoreline
Corpus Christi